## GLASS, Plaintiffs-Appellants, v. BARNETT, Defendants-Appellees.

Ohio Appeals, Second District, Greene County.

No. 494—Decided November 4, 1946.

Robert H. Wead, Xenia, for plaintiffs-appellants.

Miller & Finney, Xenia, J. A. Finney of counsel for defendants-appellees.

### OPINION

By HORNBECK, PJ.

This is an appeal on questions of law and fact requiring

the Court to determine de novo the issues presented.

The action is to restrain the defendants from obstructing a roadway across their property or interfering in any way with plaintiffs' right of ingress or egress to their premises, described in the petition, by means of said roadway. Plaintiffs' cause is based on the claim that they held an easement to a lane or right of way ten feet wide from the east side of the Bellbrook-Waynesburg Road extending in a devious course eastwardly through twenty acres of land owned by defendants into the 24.88 acres of land owned by the plaintiffs.

At the outset of the reception of the testimony this stipulation appears:

"Let the record in this case show that after a conference with the attorneys the Court is going to confine the issues in this case to whether or not there was a permissive use of this land and whether or not it has to be used as a matter of necessity."

Thus, the issues are clearly defined.

Counsel have been especially helpful both in the preparation of the record and in the briefs in support of their respective contentions. It is seldom that a case involving the prescriptive right of a party to the use of premises is so fully and completely developed. Owners and tenants of the tracts of land involved, extending back 55 years, testify respecting the character of the user of the laneway under consideration and practically all of these witnesses had helpful information respecting the matters at issue.

Upon the claim of the plaintiffs that they had right to an easement over the lane there is no substantial variation in the testimony. As a matter of fact, the testimony of the plaintiffs is in substantial accord with that of the defendants. There is no room for doubt upon this record, that for a period of 55 years prior to the date of the trial in the Common Pleas Court plaintiffs and their predecessors in title had the use of the lane in question by permission and not by adverse right.

Ida Boroff, and her sister, owned the defendants' twenty acre piece from 1887 and she fixed the character of the user of the lane as permissive, the only restriction thereon being that the gates entering the lane should at all times be kept closed after their use. Plaintiff, Victor H. Glass, at page 25 of the Record, states what was said to him by Mr. Barnett when he inquired of the right to use the roadway through Barnett's land, and the answer which he says was given clearly and ex-

pressly discloses that the use granted was permissive and not adverse. So that, there is no variance in the testimony on this vital subject and none of the express testimony tends to establish the right to the roadway by prescriptive use.

But, it is ably urged by appellants, that, inasmuch as the original character of the use of the laneway does not appear it will be presumed to be adverse and not by consent. It is true that Ida Boroff says that there was a period prior to the time when she and her sister laid down the express terms under which the roadway could be used when it had been used as an entrance to the lands of plaintiffs' predecessors in title. If any presumption may be indulged that this early use was adverse, manifestly it continued for only a short period of time and could not ripen into an easement by prescription because of the early interruption in the character of the user of the laneway. It is highly improbable that any arrangement as to the use of the roadway, different from that which is shown by the express testimony, was ever made.

The plaintiffs, on their own testimony, failed completely to produce any evidence upon which this Court could predicate a finding that they had an easement by prescription in the right of way over the lands of defendants. **Pennsylvania Ry. Co. v Donavin, 111 Oh St 341; Pavey v Vance, et al., 56 Oh St 162.**

There is then left the second question, namely, do the plaintiffs establish a way of necessity.

This could be decided adversely to them upon the one proposition that neither the defendants nor their predecessors in title, all of whom are strangers to the plaintiffs, were under any legal obligation to provide the plaintiffs with a way of necessity. **Hillery v Jackson, 40 Abs 202.** The last common owner of the tracts involved in this case was Kindleberger who so held them sometime between 1860 and 1866. The twenty-acre piece of defendants was deeded by Kindleberger to Snowden in Vol. 38, 338, Deed Records, Greene Co., Ohio, the exact date of which deed is not in the record. The earliest date of the existence of the roadway under consideration was during the ownership of the 24.88 tract of plaintiff's predecessors in Thomas or Robert Glynn at which time and long prior thereto the county acre tract was owned by others.

The facts in this case do not permit the implication of a way of necessity to the roadway. **15 O. Jur. 43.**

If the parties stood in such relationship to each other that the plaintiffs could establish, if the factual proof was forthcoming, a way of necessity they present a fairly strong case. Some of the witnesses who were experts said that it was not at all feasible to erect a bridge across Sugar Creek enter-

ing the Bellbrook and Spring Valley Road from the lands of the plaintiffs because of excessive cost and because of the proximity of the bridge and, particularly, the eastern approach thereof to the highway. However, it does not appear that a bridge could not be built and that it would not afford a means of ingress and egress to the plaintiff's lands.

The mere matter of convenience in the use of the old way or expense in preparing another way is not sufficient to establish right of way by necessity. A way of necessity must be a way of strict necessity. **Jordan v Breece Mfg. Co., 89 Oh St 311; St. Michael's Church v Clark, 37 Oh Ap 200;** Jones Fertilizing Co. v. C. & St. L. Ry. Co., 7 O. N. P. 245. Such a way is not established here, either factually nor, if so, could it be invoked against the defendants.

Finding and judgment for defendants.

WISEMAN and MILLER, JJ, concur.